**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

ACCESS POINT FINANCIAL, LLC
and
APF-CPX I, LLC,

      Plaintiffs,

v.

SU-MEI YEN and
HUI-HSIEN YEN,

      Defendants.

Case No. _____

## COMPLAINT

Access Point Financial, LLC ("Whitehall Lender") and APX-CPX I, LLC

("Evanston Lender", and together with Whitehall Lender, the "Plaintiffs") file this

Complaint against and Su-Mei Yen ("SMY") and Hui-Hsien Yen ("HHY" and

together with SMY, the "Guarantors") seeking damages, stating as follows:

### Introduction

1.

This is an action related to unconditional joint and several guaranties of two

commercial loans.  Specifically, Plaintiffs made two loans related to (i) the Whitehall

Hotel in Chicago, Illinois and (ii) a Holiday Inn in Evanston, Illinois, which are both

-1-

guaranteed by Guarantors.  Both loans went into default in 2020 resulting in a series of forbearance agreements that culminated in a final forbearance agreement in June 2021.  The June 2021 forbearance agreement expired by its own terms on September 15, 2021 at which time all amounts under each loan become due and payable. Notwithstanding acknowledgment of amounts owed, Guarantors have failed to satisfy the loans.  As a result, Plaintiffs file this action to recover the amounts owed from Guarantors.

## **Parties, Jurisdiction and Venue**

2.

Plaintiff Whitehall Lender is a Delaware limited liability company with its principal place of business located at One Ravinia Drive, 9th Floor, Atlanta, Georgia 30346.  WCP APF Sub Holdings, Inc. the sole member of Access Point Financial, LLC, is corporation organized under the laws of Delaware.  Thus, Whitehall Lender is a citizen of Delaware.

3.

Plaintiff Evanston Lender is a Delaware limited liability company with its principal place of business located at One Ravinia Drive, 9th Floor, Atlanta, Georgia 30346.  The members of Evanston Lender are (i) Access Point Financial, LLC and (ii) Donald Puglisi.  WCP APF Sub Holdings, Inc. is corporation organized under

the laws of Delaware.  Donald Puglisi is a citizen of and domiciled in the state of Delaware.  Thus, Evanston Lender is a citizen of Delaware.

4.

Defendant SMY is an individual and, upon information and belief, is a citizen of and domiciled in Illinois.  Defendant SMY may be served with process at 3406 Adams Road, Oak Brook, Illinois 60523 or wherever she may be found.

5.

Defendant HHY is an individual and, upon information and belief, is a citizen of and domiciled in Illinois.  Defendant HHY may be served with process at 3406 Adams Road, Oak Brook, Illinois 60523 or wherever he may be found.

6.

Each Defendant is subject to jurisdiction and venue of this Court pursuant to 28 U.S.C §§ 1332 because each Defendant is not a citizen of any state of which either Plaintiff is also a citizen such that there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

7.

Venue is proper under 28 U.S.C. § 1391(b)(2).

8.

Guarantors have agreed and consented to the jurisdiction and venue of this Court pursuant to Section 14(g) of the Guaranties (defined below) and Section 14(b) of the June Forbearance Agreement (defined below).  Specifically, Section 14(b) of the June Forbearance Agreement provides:

> Each party hereto irrevocably and unconditionally submits, for itself and its property, to the nonexclusive jurisdiction of the courts of the State of Georgia sitting in Fulton or DeKalb County, including the Georgia State-wide Business Court (the "Business Court"), and of the United States District Court of the Northern District of Georgia, and any appellate court from any thereof, in any action or proceeding arising out of or relating to this Agreement or any other Loan Document, or for recognition or enforcement of any judgment, and each of the parties hereto irrevocably and unconditionally agrees that all claims in respect of any such action or proceeding may be heard and determined in such Georgia state court or, to the fullest extent permitted by applicable law, in such Federal court.  Each of the parties hereto agrees that a final judgment in any such action or proceeding shall be conclusive and may be enforced in other jurisdictions by suit on the judgment or in any other manner provided by law. Nothing in this Agreement or in any other Loan Document shall affect any right that any party may otherwise have to bring any action or proceeding relating to this Agreement or any other Loan Document against any Party or its properties in the courts of any jurisdiction.  Each party hereto irrevocably and unconditionally waives, to the fullest extent permitted by applicable law, any objection that it may now or hereafter have to the laying of venue of any action or proceeding arising out of or relating to this Agreement or any other Loan Document in any court referred to

in this Section.  Each of the parties hereto hereby irrevocably waives, to the fullest extent permitted by applicable law, the defense of an inconvenient forum to the maintenance of such action or proceeding in any such court.  For avoidance of doubt, each party agrees that they are subject to the personal jurisdiction of the Business Court and that the Business Court shall have subject matter jurisdiction of, and venue over, any dispute regarding this Agreement or the Loan Documents and each party hereto irrevocably and unconditionally waives, to the fullest extent permitted by applicable law, the right to object to the jurisdiction of the Business Court.

## STATEMENT OF RELEVANT FACTS

### A.  Whitehall Loan

9.

Whitehall Lender made a loan to 11th Street Wabash, LLC ("11th Street"), Michigan Wabash 11th LLC ("Michigan Wabash"), WH Investment Properties, L.P. ("WHI") and Whitehall Hotel SPE, Inc. ("SPE" and together with 11th Street, Michigan Wabash and WHI, the "Whitehall Borrowers") in the amount of $10,000,000 (the "Whitehall Loan") evidenced by that certain Pledge Promissory Note dated February 3, 2016 in the principal amount of $10,000,000 executed by the Whitehall Borrowers in favor of the Whitehall Lender (the "Whitehall Note").  A true and correct copy of the Whitehall Note is attached hereto as **Exhibit A**.

10.

Guarantors executed that certain Guaranty Agreement dated February 3, 2016

in favor of the Whitehall Lender (the "Whitehall Guaranty"), irrevocably, absolutely and unconditionally guaranteeing all amounts owed by Whitehall Borrowers to Whitehall Lender.  A true and correct copy of the Whitehall Guaranty is attached hereto as **Exhibit B**.

11.

The Whitehall Guaranty is a guaranty of payment and not of collection.  Upon any default by Whitehall Borrower, Whitehall Lender may, at its option, proceed directly, without notice, against Guarantors to collect and recover the full amount of the obligations owed under both the Whitehall Note and Whitehall Guaranty. (Whitehall Guaranty, § 1(a)).

12.

Guarantors are each jointly and severally liable under the Whitehall Guaranty.

**B.  Evanston Loan**

13.

Access Point Financial, LLC loaned Evanston Northshore Hotel Partners, L.P. ("Evanston Borrower" and together with the Whitehall Borrower, the "Borrowers") $5,000,000 (the "Evanston Loan" and together with the Whitehall Loan, the "Loans") evidenced by that certain Pledge Promissory Note dated as of December 7, 2018 executed by the Evanston Borrower in favor of the Access Point Financial,

LLC (the "Evanston Note" and together with the Whitehall Note, the "Notes").  A true and correct copy of the Evanston Note is attached hereto as **Exhibit C**.  Access Point Financial, LLC assigned the Evanston Note and Evanston Loan to Evanston Lender on December 21, 2018.

14.

Guarantors executed that certain Guaranty Agreement dated November 30, 2018 in favor of the Evanston Lender (the "Evanston Guaranty" and together with the Whitehall Guaranty, the "Guaranties") irrevocably, absolutely and unconditionally guaranteeing all amounts owed by the Evanston Borrower to Evanston Lender.  A true and correct copy of the Evanston Guaranty is attached hereto as **Exhibit D**.

15.

The Evanston Guaranty is a guaranty of payment and not of collection.  Upon any default by Evanston Borrower, Evanston Lender may, at its option, proceed directly, without notice, against Guarantors to collect and recover the full amount of the obligations owed under both the Evanston Note and Evanston Guaranty. (Evanston Guaranty, § 1(a)).

16.

Guarantors are each jointly and severally liable under the Evanston Guaranty.

C.     **Defaults and Forbearance Agreements**

1. **Whitehall Loan**

17.

Whitehall Borrowers, Guarantors, Whitehall Lender and others executed (i) that certain COVID-19 Forbearance Agreement dated as of April 1, 2020 (the "Whitehall Original Forbearance Agreement"), and (ii) that certain First Amendment to COVID-19 Forbearance Agreement dated as of July 1, 2020 (the "First Amended Whitehall Forbearance Agreement"), pursuant to which Whitehall Lender agreed to defer payments due on April 1, 2020 through September 30, 2020 resulting in the accrual of deferred interest (the "Whitehall Deferred Interest").

18.

Whitehall Borrowers were required to resume monthly payments of principal and interest beginning with the October 2020 payment but failed to make any such payments.

19.

Whitehall Lender provided notice to Whitehall Borrowers and Guarantors by letter dated May 3, 2021 that Whitehall Borrowers and Guarantors were in default under the Whitehall Note, the Whitehall Original Forbearance Agreement and the First Amended Whitehall Forbearance Agreement for failure to make monthly

payments for the October 2020 payment through and including May 2021 (the "May Whitehall Default Letter").  A true and correct copy of the May Whitehall Default Letter is attached hereto as **Exhibit E**.

20.

Pursuant to the May Whitehall Default Letter, Whitehall Lender provided Whitehall Borrowers and Guarantors with notice of an opportunity to cure their payment defaults within five (5) days from the date of the May Whitehall Default Letter.  Whitehall Borrowers and Guarantors failed to cure their payment defaults.

### 2.  Evanston Loan

21.

Evanston Borrowers, Guarantors, Evanston Lender and others entered into (i) that certain COVID-19 Forbearance Agreement dated as of April 1, 2020 (the "Original Evanston Forbearance Agreement"), (ii) that certain First Amendment to COVID-19 Forbearance Agreement dated as of July 1, 2020 (the "First Amended Evanston Forbearance Agreement"), and (iii) that Second Amendment to COVID-19 Forbearance Agreement dated as of January 1, 2021 (the "Second Amended Evanston Forbearance Agreement"), pursuant to which Evanston Lender agreed to defer payments due on April 1, 2020 through September 30, 2020 resulting in the accrual of deferred interest (the "Evanston Deferred Interest").  In addition,

Evanston Lender agreed to defer payments of principal (but not interest) commencing on January 1, 2021 through June 30, 2021.

22.

Evanston Borrower was required to make interest only payments beginning on February 1, 2021.  Evanston Borrower, however, failed to make interest payments for February 2021 through May 2021.

23.

Evanston Lender provided notice to Evanston Borrower and Guarantors by letter dated May 3, 2021 that Evanston Borrower and Guarantors were in default under the Evanston Note, the Evanston Original Forbearance Agreement, the First Amended Evanston Forbearance Agreement and the Second Amended Evanston Forbearance Agreement for failure to make monthly payments of interest for the period from February 2021 through and including May 2021 (the "May Evanston Default Letter").  A true and correct copy of the May Evanston Default Letter is attached hereto as **Exhibit F**.

24.

Pursuant to the May Evanston Default Letter, Evanston Lender provided Evanston Borrower and Guarantors with notice of an opportunity to cure their payment defaults within five (5) days from the date of the May Evanston Default

Letter.  Evanston Borrower and Guarantors failed to cure its payment defaults.

### 3. **June Forbearance Agreement**

25.

Borrowers, Guarantors and Plaintiffs entered into that certain Forbearance Agreement dated June 2, 2021 (the "June Forbearance Agreement").  A true and correct copy of the June Forbearance Agreement is attached hereto as **Exhibit G**.

26.

In the June Forbearance Agreement, Borrowers and Guarantors, among other things:

(a)  acknowledged and agreed that the liens, assignments and security interests created by the loan documents shall continue and carry forward until all obligations under the loan documents are paid and performed in full (§ 4(a));

(b)  acknowledged and agreed that as of May 14, 2021, the following amounts were due and owing under the Whitehall Loan:

| Whitehall Loan | |
| --- | --- |
| Principal | $8,045,053.90 |
| Interest | $488,737.02 |
| Default Interest | $252,525.30 |
| Deferred Interest | $203,341.32 |
| UCC Fees | $200.00 |
| Exit Fee | $80,450.54 |

| Late Charges | $88,310.28 |
|---|---|
| Misc. Fees | $8,767.96 |
| Payoff Fee | $250.00 |
| **Total** | **$9,167,636.33** |
| Per diem default interest | $1,117.37 |

(c)    acknowledged and agreed that as of May 14, 2021, the following amounts were due and owing under the Evanston Loan:

| **Evanston Loan** | |
|---|---|
| Principal | $5,000,000.00 |
| Interest | $230,694.44 |
| Default Interest | $71,527.78 |
| Deferred Interest | $278,347.13 |
| UCC Fees | $200.00 |
| Late Charges | $12,599.77 |
| Misc. Fees | $14,150.00 |
| Payoff Fee | $250.00 |
| **Total** | **$5,607,769.13** |
| Per diem default interest | $694.44 |

(d)    acknowledged and agreed that the obligations owed by the Borrowers included, and Borrowers and Guarantors owed to Plaintiffs, Plaintiffs' reasonable expenses, costs and fees, including Plaintiffs' reasonable attorneys' fees actually incurred in the enforcement of the applicable loan documents and that no further notice is required under O.C.G.A. § 13-1-11 or other applicable law (§ 4(c));

(e)     acknowledged and agreed that, as of June 2, 2021, there were no offsets, defenses or claims against any of the indebtedness or other amounts owed under the applicable loan documents (§ 4(d));

(f)     reaffirmed all of the terms and provisions of the applicable loan documents and Guaranties and agreed that such loan documents shall continue to be valid and enforceable obligations until the obligations under the loan documents are paid in full (§ 7));

(g)     agreed that the Loans and all obligations under the Loans are cross-collateralized and cross-defaulted (§8)); and

(h)     waived and released Plaintiffs from any and all claims, whether known or unknown, suspected or unsuspected, foreseen or unforeseen (§9)).

27.

Pursuant to the June Forbearance Agreement, Plaintiffs agreed, subject to the terms of the June Forbearance Agreement, to forbear from exercising their rights and remedies through and including September 15, 2021 (the "Forbearance Termination Date").

28.

Pursuant to section 6(b)(ii) of the June Forbearance Agreement, upon the Forbearance Termination Date, all indebtedness and other amounts owed to

Plaintiffs by Borrowers and Guarantors became immediately due and payable without demand or notice.

29.

Borrower did not pay the indebtedness owed under the applicable loan documents on or prior to the Forbearance Termination Date or after demand therefor.

30.

On September 16, 2021, Plaintiffs provided notice to Borrowers and Guarantors that all indebtedness owed by Borrowers and Guarantors under the applicable loan documents was immediately due and payable (the "September Demand Letter").   A true and correct copy of the September Demand Letter is attached hereto as **Exhibit H**.

31.

Pursuant to the September Demand Letter, Plaintiffs provided Guarantors with notice pursuant to O.C.G.A. § 13-1-11 that Plaintiffs intend to enforce the provisions of the applicable loan documents relative to payment of attorneys' fees. Pursuant to Section 4(c) of the June Forbearance Agreement, Guarantors agreed and acknowledged that O.C.G.A. § 13-1-11 applies and that no further notice is required

pursuant to O.C.G.A. § 13-1-11.

32.

Plaintiffs have complied fully with their obligations under the Notes and Guaranties and all conditions precedent to Guarantors' obligations to repay the sums due under the Notes and Guaranties have been fulfilled or waived.

**COUNT I**
**SUIT ON WHITEHALL GUARANTY**

33.

The allegations contained in paragraphs 1 through 32 are incorporated by reference as if fully set forth herein.

34.

Whitehall Borrowers are in default under the Whitehall Note.

35.

Guarantors are in default under the Whitehall Guaranty.

36.

Despite proper demand being made on Guarantors for payment of amounts owed under the Whitehall Note and Whitehall Guaranty, including attorney's fees and expenses, Guarantors have refused and/or failed to make the payments required

thereunder.

37.

As of September 16, 2021, the following amounts are owed pursuant to the Whitehall Note and Whitehall Guaranty:

| Whitehall Loan | |
|---|---|
| Principal | $8,045,053.90 |
| Interest | $117,073.99 |
| Default Interest | $391,079.01 |
| Deferred Interest | $209,718.77 |
| UCC Fees | $200.00 |
| Exit Fee | $80,450.54 |
| Late Charges | $117,466.39 |
| Misc. Fees | $36,453.96 |
| Payoff Fee | $250.00 |
| **Total** | **$8,997,746.56** |
| Per diem default interest | $1,169.60 |

38.

Guarantors have been notified and are hereby re-notified by Whitehall Lender that Whitehall Lender intends to enforce the provisions of the Whitehall Note and Whitehall Guaranty relative to the payment of attorneys' fees.  Pursuant to the Whitehall Note, Whitehall Guaranty and O.C.G.A. § 13-1-11, Guarantors have ten (10) days from the date of service of this Complaint upon them within which to pay all sums due under the Whitehall Note and Whitehall Guaranty without also being liable to the Whitehall Lender for attorneys' fees.  Guarantors can avoid the

obligation to pay attorneys' fees by paying all sums due under the Whitehall Note and Whitehall Guaranty within ten (10) days after service of this Complaint upon them.  If Guarantors fails to pay the sums due under the Whitehall Note and Whitehall Guaranty within ten (10) days of the service of the Complaint upon them, Guarantors shall be liable for Whitehall Lender's reasonable attorneys' fees, in addition to the amounts referenced above.

## COUNT II
## <u>SUIT ON EVANSTON GUARANTY</u>

### 39.

The allegations contained in paragraphs 1 through 32 are incorporated by reference as if fully set forth herein.

### 40.

Evanston Borrower is default under the Evanston Note.

### 41.

Guarantors are in default under the Evanston Guaranty.

### 42.

Despite proper demand being made on Guarantors for payment of amounts owed under the Evanston Note and Evanston Guaranty, Guarantors have refused

and/or failed to make the payments required thereunder.

43.

As of September 16, 2021, the following amounts are owed pursuant to the

Evanston Note and Evanston Guaranty:

| Evanston Loan | |
|---|---|
| Principal | $4,957,824.88 |
| Interest | $92,717.63 |
| Default Interest | $157,510.02 |
| Deferred Interest | $289,044.62 |
| UCC Fees | $200.00 |
| Late Charges | $26,473.61 |
| Misc. Fees | $29,150.00 |
| Payoff Fee | $250.00 |
| **Total** | **$5,553,170.76** |
| Per diem default interest | $776.51 |

44.

Evanston Borrower has been notified and is hereby re-notified by Evanston

Lender that it intends to enforce the provisions of the Evanston Note relative to

payment of attorneys' fees.  Pursuant to the Evanston Note and O.C.G.A. §13-1-11,

Evanston Borrower has ten (10) days from the date of service of this Complaint upon

it within which to pay all sums due and owing under the Evanston Note without also

being liable to Evanston Lender for attorneys' fees.  Evanston Borrower can avoid

the obligation to pay attorneys' fees by paying all sums due under the Evanston Note

within ten (10) days after service of this Complaint upon it.  If Evanston Borrower fails to pay the sums due under the Evanston Note within ten (10) days of the service of the Complaint upon it, Evanston Borrower shall be liable for attorneys' fees in the amount of fifteen percent (15%) of the first $500.00 of principal and interest owed under the Evanston Note and ten percent (10%) of the principal and interest owed in excess of $500.00.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Sui-Mei Yen and Hui-Hsien Yen, jointly and severally, as follows:

(a)     For the following amounts, with interest accruing at the *per diem* rate of $1,1169.60 after September 16, 2021:

| Whitehall Loan | |
|---|---:|
| Principal | $8,045,053.90 |
| Interest | $117,073.99 |
| Default Interest | $391,079.01 |
| Deferred Interest | $209,718.77 |
| UCC Fees | $200.00 |
| Exit Fee | $80,450.54 |
| Late Charges | $117,466.39 |
| Misc. Fees | $36,453.96 |
| Payoff Fee | $250.00 |
| **Total** | **$8,997,746.56** |
| Per diem default interest | $1,169.60 |

(b)     For Whitehall Lender's attorneys' fees and expenses of litigation

pursuant to O.C.G.A. § 13-1-11;

(c)    For the following amounts, plus interest accruing at the *per diem* rate

of $776.51 after September 16, 2021:

| Evanston Loan | |
|---|---:|
| Principal | $4,957,824.88 |
| Interest | $92,717.63 |
| Default Interest | $157,510.02 |
| Deferred Interest | $289,044.62 |
| UCC Fees | $200.00 |
| Late Charges | $26,473.61 |
| Misc. Fees | $29,150.00 |
| Payoff Fee | $250.00 |
| **Total** | **$5,553,170.76** |
| Per diem default interest | $776.51 |

(d)    For Evanston Lender's attorneys' fees and expenses of litigation

pursuant to O.C.G.A. § 13-1-11;

(e)    For post-judgment interest as provided by law;

(d)    For all costs of court; and

(e)    For such other and further relief as this Court deems just and proper.

Respectfully submitted, this 5th day of October 2021.

**MORRIS, MANNING & MARTIN, LLP**

1600 Atlanta Financial Center
3343 Peachtree Road, N.E.
Atlanta, Georgia 30326
Telephone:  (404) 233-7000
Facsimile:  (404) 365-9532

By: __/s/ Frank W. DeBorde_____
Frank W. DeBorde
Georgia Bar No. 215415
Lisa Wolgast
Georgia Bar No. 773399
Jason H. Watson
Georgia Bar No. 741414
*Attorneys for Plaintiffs*