IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ACCESS POINT FINANCIAL, LLC and APF-CPX I, LLC,<br><br>    Plaintiffs,<br><br>             v.<br><br>SU-MEI YEN and HUI-HSIEN YEN,<br><br>    Defendants/Third-Party Plaintiffs,<br><br>             v.<br><br>11TH STREET WABASH, LLC, MICHIGAN WABASH 11TH, WH INVESTMENT PROPERTIES, L.P., WHITEHALL HOTEL SPE, INC., and EVANSTON NORTHSHORE HOTEL PARTNERS, L.P.,<br><br>    Third-Party Defendants. | Civil Action No.<br>1:21-cv-04114-SDG |

**OPINION AND ORDER**

This matter is before the Court on Plaintiffs Access Point Financial, LLC and APF-CPX I, LLC's (Lenders) motion to strike [ECF 34] the Third-Party Complaint [ECF 32], which was filed by Defendants/Third-Party Plaintiffs Su-Mei Yen and Hui-Hsien Yen (Guarantors) against 11th Street Wabash, LLC, Michigan Wabash 11th, LLC, WH Investment Properties, L.P., Whitehall Hotel SPE, Inc., and Evanston Northshore Hotel Partners, L.P. (Borrowers). After consideration of the record, the Court **GRANTS** Lenders' motion to strike Guarantors' Third-Party Complaint. The Third-Party Complaint is **DISMISSED WITHOUT PREJUDICE**.

**I.     Background**

Between 2016 and 2018, Lenders made two loans—the Whitehall Loan and the Evanston Loan—to Borrowers.[1] Guarantors executed guarantees for each loan, obligating themselves to pay the amounts Borrowers owed Lenders if Borrowers failed to pay.[2] When the COVID-19 pandemic began, Guarantors and Borrowers negotiated and executed a series of forbearance agreements with Lenders, which allowed Borrowers to temporarily defer their payments on the White Hall Loan and the Evanston Loan.[3]

After the last forbearance agreement expired on September 15, 2021, Borrowers' debts remained outstanding.[4] Subsequently, on October 5, Lenders filed a Complaint against Guarantors seeking to recover Borrowers' unpaid debts.[5] Guarantors moved to dismiss Lenders' Complaint on November 18.[6]

---

[1]     ECF 32, ¶¶ 18–19.

[2]     *Id.* ¶ 22.

[3]     ECF 34, at 5.

[4]     ECF 1, ¶ 30.

[5]     *Id.*

[6]     ECF 14.

On January 28, 2022, Guarantors filed a third-party complaint against Borrowers seeking indemnification for any amount Guarantors should have to pay to Lenders.[7] Lenders responded by moving to strike the Third-Party Complaint.[8]

## II.   Legal Standard

Fed. R. Civ. P. 14(a)(1) permits a defendant to file a third-party complaint against a "nonparty who is or may be liable to it for all or part of the claim against it." However, Rule 14(a)(4) provides that "any party may move to strike the third-party claim." When faced with a motion to strike a third-party claim, the question of "whether a third-party defendant may be impleaded under Rule 14 is . . . [within] the sound discretion of the trial court." *DeRubeis v. Witten Techs., Inc.*, 244 F.R.D. 676, 682 (N.D. Ga. 2007) (citing 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane *Federal Practice & Procedure* § 1443 (2d ed. 1990)).

The factors considered when determining whether a third-party complaint may proceed include: "(1) whether the movant unreasonably delayed in bringing the motion; (2) whether impleading the new party would delay or unduly complicate the action; (3) whether impleading the new party would prejudice the

---

[7]   ECF 32, ¶ 4.

[8]   ECF 34.

new or the non-moving party; and (4) the merit of the underlying claim." *Id.* Here, the second, third, and fourth factors support granting Lenders' motion to strike.

### III. Discussion

#### A. The Underlying Claim Is Not Ripe and Has No Present Merit.

Because the guarantee agreements do not expressly provide Guarantors a right to reimbursement, Guarantors rely on OCGA § 10–7–41 as an "independent legal right" to indemnity.[9] As Guarantors note, Georgia law provides that "payment by a surety or endorser of a debt past due shall entitle him to proceed immediately against his principal for the sum *paid*." OCGA § 10–7–41 (emphasis added). Thus, Georgia law provides an extracontractual mechanism for a guarantor that "pays [a borrower's] overdue debt [to] recover the payment" from the borrower. *Lahaina Acquisitions, Inc. v. GCA Strategic Inv. Fund Ltd.*, 261 Ga. App. 800, 801 (2003).

Under Georgia law, however, the statutory right to indemnification only accrues after the guarantor makes a payment to or enters a settlement with the lender "that discharges the [borrower], in whole or in part, of the underlying obligation." *Id.* at 802 (quoting Restatement (Third) of Suretyship and Guaranty §

---

[9] ECF 35, at 14.

22 (Am. L. Inst. 1996)). Therefore, it is the "discharge of the [borrower's] debt" by the guarantor that "creates the duty of reimbursement" under § 10–7–41. *Id.*

Because Guarantors have yet to make a payment to or enter a settlement with Lenders discharging Borrowers of *any* portion of their debt, their claim for indemnification under Section 10–7–41 is not ripe, and the Third-Party Complaint must be stricken. *See S. Pilot Ins. Co. v. CECS, Inc.*, 15 F. Supp. 3d 1284, 1295 (N.D. Ga. 2013) (dismissing the third-party complaint without prejudice because the third-party claim was not ripe and, therefore, the court lacked jurisdiction over it), *order clarified*, 15 F. Supp. 3d 1329 (N.D. Ga. 2013); *see also Dermer v. Miami–Dade County*, 599 F.3d 1217, 1221 (11th Cir. 2010) ("A ripeness analysis involves the evaluation of two factors: the hardship that a plaintiff might suffer without court redress and the fitness of the case for judicial decision.") (cleaned up). Until Guarantors' right to indemnity is triggered by discharging all or part of Borrowers' debt via payment or settlement, Guarantors have no "substantive basis for [their] claim [and they] cannot utilize the procedure of Rule 14." *Travelers Ins. Co. v. Busy*

*Elec. Co.*, 294 F.2d 139, 146 (5th Cir. 1961) (recognizing that a substantive right to indemnification must exist under state law to assert a claim under Rule 14).[10]

### B. Impleader Would Complicate and Delay the Litigation and Prejudice Borrowers.

"When considering a request to [strike an] impleader [complaint] . . . the court typically is concerned with the effect the additional parties and claims will have on the adjudication of the main action—in particular, whether continued joinder will serve to complicate the litigation unduly or will prejudice the other parties in any substantial way." *First Citizens Bank & Tr. Co. v. Whitaker*, 2017 WL 7550763, at *6 (N.D. Ga. Apr. 6, 2017) (citation omitted). The Court is concerned here with both undue complication and delays and prejudice to the parties.

First, as Lenders persuasively explain, if the Third-Party Complaint were not stricken, Rule 14 would allow Borrowers to assert counterclaims, crossclaims, and defenses against Guarantors and Lenders.[11] The Court need not speculate as to the specific issues the impleader of Borrowers might present. That Borrowers might interject additional unrelated issues and unduly complicate the original suit

---

[10] Fifth Circuit cases decided prior to October 1, 1981 are binding precedent in the Eleventh Circuit. *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (decided *en banc*).

[11] ECF 34-1, at 14.

is sufficient to justify striking the Third-Party Complaint. *See Medsker v. Feingold*, No. 04-81025-CIV, 2007 WL 9751897, at *2 (S.D. Fla. Aug. 8, 2007) (citation omitted).

Second, because Guarantors' indemnification claim does not accrue until the Whitehall Loan and the Evanston Loan are repaid, any counterclaims Borrowers might assert would be forestalled, and those claims would be obstructed—potentially at great cost—until the resolution of Lenders' claims against Guarantors. *See United States v. New Castle County*, 111 F.R.D. 628, 633 (D. Del. 1986) ("[P]rejudice to a third-party defendant must be measured by [whether] the third-party defendant will incur greater expense or be at greater disadvantage in defending a third-party suit than in defending a separate action brought against it. . . .").

**IV.  Conclusion**

Lenders' motion to strike Guarantors' Third-Party Complaint [ECF 34] is **GRANTED**. Guarantors' Third-Party Complaint is **DISMISSED WITHOUT PREJUDICE.** The Clerk is **DIRECTED** to terminate the following Third-Party Defendants from the docket: 11th Street Wabash, LLC, Michigan Wabash 11th,

LLC, WH Investment Properties, L.P., Whitehall Hotel SPE, Inc., and Evanston Northshore Hotel Partners, L.P.

**SO ORDERED** this 20th day of September, 2022.

>                    Steven D. Grimberg
>              United States District Court Judge